# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-238-TWP-TAB |
| | ) | |
| ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Eric Adams ("Mr. Adams"), an inmate in the Indiana Department of Correction, challenging a prison disciplinary proceeding identified as ISR 13-12-0085. For the reasons explained in this Entry, Mr. Adams' petition must be **DENIED**.

## I. DISCUSSION

### A. Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B.     The Disciplinary Hearing**

On December 14, 2014, Correctional Officer Zachery Klinge wrote a Report of Conduct in case ISR 13-12-0085 charging Mr. Adams with Class B offense #207, Possession of Electronic Device.  The Report of Conduct states:

> On the above date and approximate time I officer Z. Klinge conducted a cell search of cell 13-4A in H-cellhouse. Prior to me searching, officer B. Ferguson and his K-9 Port, searched the cell. Ferguson advised that Port seemed interested in the light fixture inside the cell. I used the shakedown tool kit to remove the light fixture. Inside the light fixture I found a cell phone charger. Using the tool kit I removed the cable cord cover from the wall and found a tattoo gun with a bottle of black ink behind the cover. While searching the offenders [sic] property locker I found a black pouch altered from offender shorts and a book with a square cut out of it.

The Report of Conduct also indicates that the physical evidence was "[t]aken to the DO and placed in locker #307." *Id.*  The Notice of Confiscated Property indicates that one red address book, one black cloth pouch, one cell phone charger, one tattoo gun with ink, and one book with a square cut out were confiscated and placed in locker #307.  On December 17, 2013, Mr. Adams was notified of the charge of offense #207 and served with the Report of Conduct and the Notice of Disciplinary Hearing Screening Report.  Mr. Adams was notified of his rights and pled not guilty.  Mr. Adams did not request any witnesses or physical evidence.

On December 18, 2013, a hearing officer found Mr. Adams guilty of offense #207.  The Report of Disciplinary Hearing indicates that Mr. Adams refused a hearing and requested to go straight to disciplinary segregation.  In making the determination of guilt, the hearing officer considered staff reports, evidence from witnesses, and physical evidence, including photographs.

Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand, three months of disciplinary segregation, a ninety day deprivation of earned credit time and demotion from credit class 2 to credit class 3.  The hearing officer imposed the sanctions because of the seriousness, frequency and nature of the offense, Mr. Adams' attitude and

demeanor during the hearing, and the degree to which the violation disrupted the security of the facility.

On December 20, 2013, Mr. Adams appealed to the Facility Head. On January 8, 2014, the Facility Head denied the appeal. Mr. Adams' appeal to the Appeal Review Officer was denied on January 17, 2014.

**C.    Analysis**

Mr. Adams challenges the disciplinary action taken against him, arguing 1) the evidence card was improperly completed; 2) Department of Correction ("DOC") policy was violated; and 3) the hearing officer was not impartial.

**1.    Evidence card**

Mr. Adams' first argument is that the evidence card was completed improperly because the card shows that the items taken from his cell were placed in a locker before the shakedown occurred.

The evidence card states that the evidence was found in Mr. Adams' cell at 10:15 p.m. on December 14, 2013. It also indicates it was delivered to locker #307 by Correctional Officer Z. Klinge at 12:35 on December 14, 2013. Although, as Mr. Adams claims, this appears to be inconsistent, as it indicates that the confiscated evidence was placed in the locker prior to the time items were found in Mr. Adams' cell, the other evidence shows that this was a scrivener's error. The Report of Conduct and Notice of Confiscated Property forms show that a cell phone charger, tattoo gun with a bottle of ink, a black pouch, and a book with a square cut out of it, were found in Mr. Adams' cell at 10:15 p.m. on December 14, 2013, and were confiscated. The Report of Conduct further shows that the items were taken to "the DO and placed in locker #307." It appears that when completing the evidence card, the officer inadvertently overlooked that at midnight the

date changed, wrote the date as December 14, 2013, when the date was actually December 15th. Mr. Adams argues simply that "[i]t states on Evidence card that it must be filled out properly." Any violation of internal procedures here does not rise to the level of a due process violation. *See Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997). Further, Mr. Adams does not state how he was prejudiced by this error, and it is therefore harmless. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (error harmless unless prisoner shows how he is prejudiced).

 2. **DOC Policy**

Mr. Adams next claims that DOC policy was violated because he claims he never received a copy of the Notice of Confiscated Property form informing him of what was taken from of his cell. Violations of administrative policy are not proper claims in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief only available for violations of U.S. Constitution or other federal laws); *Hester*, 966 F.Supp. at 774-75. Further, Mr. Adams was presented with the Report of Conduct at the time of screening. The Report of Conduct states what items were found and confiscated. Therefore, Mr. Adams was given notice of what items were confiscated and could have prepared a defense. This satisfies the requirements of due process.

 3. **Hearing Officer**

Finally, Mr. Adams claims that he had an unfair hearing because the hearing officer was not impartial. He asserts that the hearing officer, Sgt. Rhinehart, "doesn't hear cases" but "writes sanctions before you've had a chance to finish talking or pleading case." In disciplinary proceedings, adjudicators are "entitled to a presumption of honesty and integrity." *Piggie*, 342 F.3d at 666. Where an official is substantially involved in the underlying incident and also acts as a decision maker in the disciplinary proceedings, due process is violated. *Whitford v. Boglino*, 63

4

F.3d 527, 534 (7th Cir. 1995). Mr. Adams does not allege that the hearing officer was involved in the underlying incident and the record shows she was not. Mr. Adams simply has not provided any evidence or argument to show that he was deprived of his right to an impartial hearing officer.

## II. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Adams' Petition for Writ of Habeas Corpus must be **DENIED** and the action **DISMISSED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 12/8/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric Adams, #992106
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana  46064

Kathy Jo Bradley
OFFICE OF THE INDIANA ATTORNEY GENERAL
Kathy.bradley@atg.in.gov